IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| FRANCISO ARIEL VASQUEZ, § | |
| INSTITUTIONAL ID NO. 02054011, § | |
| SID NO. 08086583, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 1:20-CV-00129-BU |
| v. § | |
| § | |
| JOSHUA P. SOLIS, *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

Pro Se Plaintiff Francisco Ariel Vasquez (Vasquez), an inmate incarcerated by the Texas Department of Criminal Justice ("TDCJ") at the French Robertson Unit, brings this action under 42 U.S.C. § 1983 against two employees of TDCJ—Officers Joshua Solis and Lance Lofton—he claims used excessive force against him during a contraband check in his cell. Dkt. No. 1 at 4.

Lofton has filed a Motion for Summary Judgment seeking dismissal on the basis that he is immune from Vasquez's claims under the doctrine of qualified immunity and Eleventh Amendment sovereign immunity. Dkt. No. 70. For reasons explained below, the undersigned recommends that the Motion, Dkt. No. 70, be denied, but that Vasquez's claims be dismissed as *Heck*-barred.

1

# I. BACKGROUND

## A. Procedural History

Vasquez filed his Complaint on June 5, 2020, suing more than a dozen employees at the Robertson Unit. Dkt. No. 1. His case was then transferred to the undersigned for screening, Dkt. No. 10, and Vasquez later consented to the undersigned exercising the full jurisdiction of this Court. Dkt. No. 7. The Court then held an evidentiary hearing under *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985), where Vasquez testified. Dkt. Nos. 20, 51.

The Court determined that Vasquez's excessive force claim against Solis and Lofton survived the Court's preliminary judicial screening and ordered service for both Defendants. Dkt. No. 33. Lofton was served and filed an answer. Dkt. No. 37. Solis has never been served despite multiple attempts and has not appeared in this action. *See* Dkt. Nos. 45–47, 50, 58–59, 61, 64.

The Court ordered Lofton to file a motion for summary judgment on the issue of qualified immunity, which he has done and in which he asserts that he is entitled to (1) qualified immunity for the claims against him in his personal capacity and (2) sovereign immunity under the Eleventh Amendment for the claims against him in his official capacity. Dkt. No. 70. Vasquez filed a Response out of time, Dkt. No. 73, but the undersigned has accepted as summary judgment evidence the sworn statements in his Complaint, Dkt. No. 1, and his testimony at the *Spears* hearing, Dkt. No. 51, as proper evidence under Rule 56. *See Bookman v. Shubzda*, 945 F. Supp. 999, 1004 (N.D. Tex. 1996); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003).

**B.   Factual Background**

On February 10, 2020, Robertson Unit officials were preparing to conduct a contraband inspection of Vasquez's cell. Dkt. No. 51 (hereinafter, "Tr.") at 6–7. Vasquez was on the top bunk when Solis and Lofton entered his cell; they then ordered him to "strip out." Tr. at 8–11; Dkt. No. 1 at 4. Vasquez jumped from the top of his bed, landing about one foot away from the Defendants. Tr. at 11–13. Vasquez stated that the Defendants may have felt threatened by the way he got down from his bed. Tr. at 14. Immediately after Vasquez jumped down, Solis pushed him against the wall as Lofton grabbed him by the waist. Tr. at 13–14; Dkt. No. 1 at 4. From there, Defendants began to strike Vasquez with closed fists as they held him against the wall. Dkt. No. 1 at 4.

Vasquez then broke free by using his elbows and arms to push and flail against the officers. Tr. at 17–18, 25–26. After breaking free, Vasquez states he ended up against the opposite wall, assumed an aggressive stance to fight back, but after a moment of reflection, stopped himself and laid on the floor with his hands on his head. Tr. at 26–28. Then, as Vasquez remained on the floor with his hands on his head and no longer resisting, Solis jumped on his back, placed him in a stranglehold, and began to choke him out. Tr. at 28; Dkt. No. 1 at 6. According to Vasquez, Solis asked, "can't breath bitch?," while he was choking him. Dkt. No. 1 at 6; Tr. at 42.

Lofton then knelt by Vasquez's head and began kneeing him in the face and punching him in the back of the head. Tr. at 29–30. This prompted another officer to yell "stop" and "are you trying to kill him?," which eventually caused the Defendants to stop using

3

force. Dkt. No. 1 at 6; Tr. at 31. At this time, the Defendants were replaced by other officials, and Vasquez was escorted to medical where he declined treatment. *Id.*; Tr. at 37–38.

As a result of the use of force, Vasquez claims, "his whole body hurt," "the back of his head had knots," "the whole right side of his face was swollen," "his righted eye swell[ed] shut," and his "tongue swelled to the size of a golf ball in his mouth." Dkt. No. 1 at 6–7. Vasquez also says that his injuries limited his ability to consume an ordinary diet and resulted in him losing weight. Tr. at 34.

C. **Lofton's Motion**

In his Motion, Lofton argues that there are no genuine issues of material fact for trial, and he is entitled to summary judgment for Vasquez's claims. Dkt. No. 70 at 2. Lofton maintains that he did not violate Vasquez's constitutional rights and that his actions were reasonable under the clearly established law. *Id*. at 14. He insists that the force employed against Vasquez was used to gain control, restore order, and maintain security. *Id.* at 9.

Lofton also provides his own version of the incident which bears some commonality with Vasquez's recollection of the events, though, key facts seem to be in dispute. Lofton states that while conducting a contraband search, he and Solis ordered Vasquez to approach the front of the cell to conduct a strip search. *Id.* at 7. Vasquez jumped down from his top bunk, and after being ordered to step back by Lofton, Vasquez attempted to throw contraband in the toilet. *Id.* Lofton and Solis then tried to place Vasquez against the wall to prevent him from flushing the contraband. *Id.* Lofton then requested that the Incident Command System (ICS) be initiated, and that additional staff, a video camera, and a supervisor be summoned due to the use of force. *Id.* at 8. Lofton states that Vasquez stuck him with a

4

closed fist twice and Vasquez struck Solis once. *Id.* To defend himself and Solis, Lofton then struck Vasquez four times in the head. Another officer entered to cell to assist Lofton and Solis to secure Vasquez, who Lofton states, was still resisting staff, refusing to comply with orders, and resisting efforts to place him in hand restrains. *Id.*

## II.  LEGAL STANDARDS

### A.  Summary Judgment

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists if a reasonable jury could enter a verdict for the non-moving party." *Doe v. Edgewood Indep. Sch. Dist.*, 964 F.3d 351, 358 (5th Cir. 2020). The moving party "bears the initial responsibility of . . . demonstrat[ing] the absence of a genuine issue of material fact." *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (cleaned up). Thus, the moving party must "identify those portions of [the record] which it believes demonstrate [that] absence." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In evaluating a summary-judgment motion, the Court draws all reasonable inferences in the light most favorable to the nonmoving party. *Darden v. City of Fort Worth*, 880 F.3d 722, 727 (5th Cir. 2018). However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original). "[A] fact is 'material' if its resolution could affect the outcome of the action." *Dyer v. Houston*,

5

964 F.3d 374, 379 (5th Cir. 2020) (citation and quotation marks omitted). A dispute is not genuine if the facts being asserted are "blatantly contradicted by the record so that no reasonable jury could believe [them]." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The Court must consider materials cited by the parties, but it may also consider other materials in the record. Fed. R. Civ. P. 56(c)(3). Nevertheless, Rule 56 does not impose a duty on the Court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16, n.7 (5th Cir. 1992)).

"[I]f the movant bears the burden of proof on an issue, either because he is the plaintiff or [ ] a defendant . . . asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). "The court has noted that the 'beyond peradventure' standard is 'heavy.'" *Carolina Cas. Ins. Co. v. Sowell*, 603 F. Supp. 2d 914, 923–24 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.)).

Once the movant has satisfied this burden, the burden shifts to the nonmovant to demonstrate that a genuine issue of material fact does exist and that the evidence, viewed in favor of the nonmovant, permits a jury verdict for the nonmovant. *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 302 (5th Cir. 2020). The nonmovant must "go beyond the pleadings" and produce evidence showing that there is a genuine issue of fact. *Celotex*, 477 U.S.

at 324. However, the non-moving party cannot overcome its burden by merely alleging legal conclusions or unsubstantiated assertions; instead, it must present affirmative evidence that supports the existence of a genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("[T]he purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial"). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586.

### B. Qualified Immunity

A governmental employee who is sued under § 1983 may assert the affirmative defense of qualified immunity. *White v. Taylor*, 959 F.2d 539, 544 (5th Cir. 1992). "[Q]ualified immunity insulates state officials from liability [under § 1983] to the extent that the officials' actions do not violate clearly established statutory or constitutional rights." *Trent v. Wade*, 776 F.3d 368, 376–77 (5th Cir. 2015) (citation and quotation marks omitted). In deciding whether a defendant is entitled to qualified immunity, courts conduct a two-pronged inquiry. Claims of qualified immunity require the court to consider: "(1) [whether] the official violated a statutory or constitutional right, and (2) [whether] the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011); *see also Roque v. Harvel*, 993 F.3d 325, 331 (5th Cir. 2021).

Under the first prong of qualified immunity, a plaintiff must show that the defendant violated his constitutional rights. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). The second prong of qualified immunity requires a plaintiff to show that their constitutional right was clearly established at the time it was violated. A constitutional right is clearly

established "only if 'the contours of the right were sufficiently clear that a reasonable official would understand that what he was doing violated that right.'" *Perniciaro v. Lea*, 901 F.3d 241, 255 (5th Cir. 2018) (brackets omitted) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

Ordinarily, a right becomes clearly established when existing precedent has "placed the statutory or constitutional question beyond debate." *Hanks v. Rogers*, 853 F.3d 738, 746–47 (5th Cir. 2017). A court must ensure that it does not "define clearly established law at a high level of generality." *al-Kidd*, 563 U.S. at 742. So, although the law does not require a case similar in every respect, clearly established law "must be particularized to the facts of the case." *Arzabala v. Weems*, No. 5:21-CV-00268-H, 2024 WL 1018530, at *5 (N.D. Tex. Mar. 8, 2024) (Hendrix, J.) (citing *White v. Pauly*, 580 U.S. 73, 79–80 (2017)). There are, though, rare instances where "the unlawfulness of the officer's conduct is sufficiently clear even though existing precedent does not address similar circumstances." *Dist. of Columbia v. Wesby*, 583 U.S. 48, 64 (2018); *see also Darden*, 880 F.3d at 727.

And even if the official's conduct violated a clearly established constitutional right, the official is nonetheless entitled to qualified immunity if his conduct was objectively reasonable under the circumstances. *See Jones v. Collins*, 132 F.3d 1048, 1052 (5th Cir. 1998).

### III. ANALYSIS

Lofton makes two arguments in his Motion for Summary Judgment: first, that he is entitled to qualified immunity for Vasquez's claim against him in his personal capacity, and

second that sovereign immunity bars any claim against him in his official capacity. Dkt. No. 70 at 1.

> **A. Genuine issues of material fact preclude Lofton's assertion of qualified immunity.**

Here, Vasquez alleges that Lofton used excessive force against him in violation of the Eight Amendment. When a prisoner alleges a constitutional violation for excessive use of force by a prison official, the "core judicial inquiry" is "whether [the] force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Cowart v. Erwin*, 837 F.3d 444, 452 (5th Cir. 2016) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992); *see also Whitley v. Albers*, 475 U.S. 312, 319–21 (1986). This "core" inquiry has two components: (1) an objective assessment of whether the alleged wrongdoing was nontrivial and harmful enough to violate the Constitution and (2) a subjective analysis of the mental state of the alleged wrongdoer. *Hudson*, 503 U.S. at 7–8.

Factors relevant to this inquiry include but are not limited to, the following: (1) the extent of the prisoner's injury; (2) "the need for application of force;" (3) "the relationship between that need and the amount of force used;" (4) "the threat reasonably perceived by the responsible" officers; and (5) any efforts officers made to temper the severity of a forceful response. *Hudson*, 503 U.S. at 7 (internal quotation marks omitted); *Baldwin v. Stalder*, 137 F.3d 836, 838 (5th Cir. 1998).

The Fifth Circuit has also held that the question of whether the force used was reasonable must be evaluated in the context in which the force was deployed and requires that

9

a court consider the circumstances surrounding the use of force and determine whether the force was excessive "given the progression of events." *Martin v. Seal*, 510 F. App'x 309, 313 (5th Cir. 2013) (per curiam); *see also Ikerd v. Blair*, 101 F.3d 430, 434 (5th Cir. 1996); *Williams v. Bramer*, 180 F.3d 703, 704 (5th Cir. 1999).

Vasquez alleges that he jumped from his bed in a manner that could be reasonably perceived as threatening and then actively resisted Defendants when they pushed him up against the cell wall. Later, after breaking free of Defendants' control, he admits that he assumed an aggressive stance to defend himself, but after a moment of reflection, decided to cease resistance and lay down on the floor with his hands on his head. At this point, Vasquez alleges he was lying on the floor in a subdued manner when the officers came over and gained control over him. From there, though, Solis began to choke Vasquez while Lofton kneed him in the face and punched him in the back of the head; both officers continued their use of force to the point that Vasquez lost consciousness.

Lofton asserts that he is entitled to qualified immunity because the force used was reasonable. The primary thrust of Lofton's argument is that his use of force was necessary to gain control over Vasquez because Vasquez was disobeying orders, attempting to destroy contraband, resisting officers' efforts to restore discipline, and actively trying to hurt officers. Vasquez, though, categorically denies each of these assertions. Tr. at 8, 12, 15, 32–33, 35–36. Because the events inside Vasquez's cell were not captured on video, this case boils down to a quintessential he-said-he-said situation.[1]

---

[1] Had there been conclusive footage the undersigned could have viewed the reasonableness of Lofton's use of force through what was depicted on video. *See Scott*, 550 U.S. at 378–79.

In *Johnson v. Minosh*, the district court denied the defendants qualified immunity on an excessive force claim because, although the defendants' version of events would have made their use of force reasonable, the plaintiff's well-pleaded allegations placed material facts in dispute. No. 1:20-CV-00134-H, 2023 WL 9659944 (N.D. Tex. Aug. 14, 2023) (Hendrix, J.). Like this case, *Johnson* began with the defendants ordering the plaintiff to strip out inside his cell. *Id.* at *1. The plaintiff admitted that he initially refused the order, but eventually began to undress. *Id.* The plaintiff then claimed that the defendants sprayed him with a chemical agent, hit him in the eye with a gas can, and kicked, punched, and kneed him. *Id.* The plaintiff alleged that he offered no resistance—other than his initial reluctance to comply with the order to strip out—during this time. *Id.*

The *Johnson* defendants sought summary judgment based on qualified immunity and argued that their use of force was necessary to gain compliance and maintain or restore discipline. The Court agreed that "if Defendant's version of the facts is true, then the force used was likely reasonable," but denied the defendants qualified immunity because it "[could not] credit [their] story over Plaintiff's well-pled allegations to the contrary." *Id.* at 6.

To grant Lofton qualified immunity and sustain his argument that he did not use excessive force, the undersigned would have to resolve factual disputes, which is inappropriate at this stage. Viewing the facts in Vasquez's favor, Lofton's use of force came at a time when officers had established control over a subdued Vasquez who was lying on the floor. Like *Johnson*, these facts would allow a reasonable jury to find that Lofton's use of force was unreasonable and violated Vasquez's clearly established rights under the Eighth

11

Amendment. *See, e.g.*, *Kitchen v. Dallas Cnty., Tex.*, 759 F.3d 468, 480 (5th Cir. 2014). ("[C]ourts have frequently found constitutional violations in cases where a restrained or subdued person is subjected to the use of force.").

    **B.**    **Vasquez's claims are *Heck*-barred.**

Although not raised by Lofton in his Motion, Vasquez's assertion that he did not assault Lofton or Solis "is blatantly contradicted by the record" because he was convicted of assaulting an officer in connection with this incident. Dkt. No. 70-1 at 67, 79; *Scott*, 550 U.S. 378–79. Further, the hearing officer found that Vasquez possessed contraband when officers entered his cell on February 10. His conviction implicates the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994).

"In *Heck*, the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction, and the plaintiff cannot show such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under § 1983." *Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (per curiam) (citing *Heck*, 512 U.S. at 486–87). "A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (citation omitted). This rule applies to prison disciplinary convictions. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998).

Vasquez has not brought forth evidence showing that this conviction has been overturned or otherwise invalidated. Thus, Vasquez's claims that Lofton and Solis used excessive force against him even though he did not resist the officers are *Heck*-barred and should

be dismissed as frivolous and for failure to state a claim under 28 U.S.C. §§ 1915, 1915A. *See Johnson*, 2023 WL 9659944, at *6.

## IV.  CONCLUSION

For the reasons above, the undersigned recommends that the Court deny Lofton's Motion for Summary Judgment based on qualified immunity but dismiss Vasquez's claims as frivolous and for failure to state a claim under 28 U.S.C. §§ 1915, 1915A.

## V.  RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendations must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## VI.  TRANSFER OF CASE

Because the parties have not consented to the undersigned exercising the full jurisdiction of this Court, the undersigned ORDERS that this case be TRANSFERRED back to

the docket of the United States District Judge and designated as Civil Action No. 1:20-CV-129-H.

ORDERED this 5th day of August 2024.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE